LAWRENCE TRIMMER v. BONNELL & MELICK.

Submitted March 26, 1900—Decided June 11, 1900.

*Certiorari* lies to review judgments of the Common Pleas given on appeal to that court from judgments of the Court for the Trial of Small Causes, but where suits are originally instituted in the Court of Common Pleas, the review in the Supreme Court is to be had by writ of error.

On error to the Hunterdon Pleas.

Before DEPUE, CHIEF JUSTICE, and Justices VAN SYCKEL and GUMMERE.

For the plaintiff in error, *Richard S. Kuhl.*

For the defendant in error, *Alvah A. Clark.*

The opinion of the court was delivered by

VAN SYCKEL, J.  This suit was instituted in the Court for the Trial of Small Causes, where judgment was rendered for Trimmer, the plaintiff in said suit.  Thereupon an appeal was taken by Bonnell & Melick to the Hunterdon Common Pleas, where the judgment was affirmed.

The defendant excepted to the charge of the trial judge in the Common Pleas, and had his bill of exceptions signed and brought the case into this court by writ of error.

He has assigned for error the charge of the court to which he excepted.

The plaintiffs in error have mistaken their remedy in this case.

A *certiorari* lies to the Common Pleas and Quarter Sessions on judgments given on appeals into those courts, where not restrained by the act giving the appeal.  *Griff. L. R.* 1175.

The Circuit Court act, as contained in the revision under the act of April 2d, 1845, to provide for revising the statute laws of the state, contains a provision that the judgments in the Courts of Common Pleas, upon appeals from Courts for the Trial of Small Causes, may be removed into the Circuit Court of the same county by writ of *certiorari* in like manner and upon similar terms as such writs are now granted to remove similar matters into the Supreme Court.  *Rev. Stat.* 1846, *p.* 201, § 4.

This section clearly recognizes the writ of *certiorari* as the appropriate remedy to remove a judgment of the Pleas on appeal from the Justice's Court into the Supreme Court.

It has been the uniform practice to review such judgments by writ of *certiorari* and not by writ of error.

The provision contained in the Small Cause act, as revised in 1846, is: "That no judgment, order or proceeding to be had or made by virtue of this act, shall be removed by writ of error, but by *certiorari* only." *Rev. Stat.* 1846, *p.* 247, § 66.

The same provision is found in *Rev. L.* 1821, *p.* 642, § 46.

In *Rev. Stat.* 1846, *p.* 981, § 5, it is provided in the act respecting writs of error "that all errors happening in any Court of Common Pleas shall be heard and rectified by the Supreme Court."

This provision is also contained in *Rev. L.* 1821, *p.* 401, § 5, and is now section 6 of the acts respecting writs of error. *Gen. Stat., p.* 1391.

Section 4 of the Circuit Court act, above recited, is now section 11 of the *Certiorari* act. *Gen. Stat., p.* 369.

It seems to be clear from the language used in the fourth section of the Circuit Court act, before referred to (*Rev. Stat.* 1846, *p.* 201), that Peter D. Vroom, Henry W. Green, William L. Dayton and Stacy G. Potts, the eminent jurists who revised the statutes in 1846, understood that judgments in the Court of Common Pleas, upon appeals from the Court of Small Causes, were to be reviewed by *certiorari* to the Supreme Court, notwithstanding the provision in the fifth section of the act concerning writs of error contained in *Rev. L.* 1821, *p.* 401, and that they did not intend to abrogate that rule by retaining the same provision in the revision of 1846.

The construction which has been given in practice to this legislation is that *certiorari* and not writ of error lies to review judgments of the Common Pleas given on appeal to that court from judgments of the Court for the Trial of Small Causes, but where suits are originally instituted in the Court of Common Pleas the review in the Supreme Court is to be had by writ of error.

This settled practice, we think, should be adhered to, and therefore the writ of error in this case must be dismissed.