### THE STATE v. ARTHUR C. MOUNT.

Argued March 3, 1905—Decided June 12, 1905.

1. A judgment upon a conviction will not be reversed because of a bad count in the indictment where the indictment contains a good count, and the penalty imposed is authorized by law for conviction upon the good count.
2. A defendant, who offers himself as a witness in his own behalf, may be asked, upon cross-examination, whether he has been convicted of assault and battery, and a conviction will not be reversed because of further cross-examination as to the particulars of the assault and battery unless it appears that the defendant suffered manifest wrong and injury by reason of such further cross-examination.
3. A blow accidentally delivered upon one while defending against an attack of another is a blow struck in self-defence.
4. The failure of the judge to charge the jury a request that if the defendant had reasonable ground to apprehend that he was in grave bodily danger of injury and that his life was in danger he had a right to use so much force as was necessary in order to protect himself, is not error where the defendant's case is that of an actual blow struck in self-defence, and the judge has fully instructed the jury as to defendant's rights in case of an actual attack.

On error to Middlesex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, GARRETSON and PITNEY.

For the state, *George Berdine,* prosecutor of the pleas.

For the defendant, *Charles T. Cowenhoven.*

The opinion of the court was delivered by

GARRETSON, J. The indictment against the defendant contains two counts. In the first it is alleged that he "an atrocious assault did make, and him, the said Tarbell, then and there atrociously did beat, maim, wound and ill treat," &c. The second count is for an ordinary assault and battery.

It is urged that the first count is defective in failing to allege the particulars in which the assault was atrocious; if this were so, it would not avail the defendant upon a motion to quash, or upon conviction, as a ground of error. There was a general verdict of guilty. The second count is admittedly good and the penalty imposed by the trial court is three years' imprisonment, a term permitted by the statute for assault and battery. *State* v. *Dugan,* 36 *Vroom* 66.

The admission of evidence as to the defendant's former conviction of assault and battery is alleged for error. By the first section of the act concerning evidence (*Pamph. L.* 1900, p. 362), it is provided that no person offered as a witness in any proceeding of a civil or criminal nature shall be excluded by reason of his having been convicted of crime, but such conviction may be shown on the cross-examination of the witness, or by the production of the record thereof for the purpose of affecting his credit, and in *State* v. *Henson,* 37 *Vroom* 601, it was held that a defendant who offered himself as a witness in his own behalf may be asked, on his cross-examination, whether he has been convicted of assault and battery.

In the present case the defendant, having testified that he previously kept a hotel at New Egypt, was cross-examined as follows:

"*Q.* Were you ever charged with assaulting anybody there?

"*A.* I did not say so.

"*Q.* I asked you that question?

"*A.* I was; yes, sir.

"*Q.* Were you not indicted?

"*A.* I was; yes, sir.

"*Q.* Didn't you plead guilty of that assault then?

"*A.* I did.

"*Q.* It is a fact that you were indicted in Ocean county for assault and battery, and fined, were you not?

"*A.* Yes, sir.

"*Q.* On your plea of guilty?

"*A.* Yes, sir; I did.

"*Q.* Charged with assault by a fellow by the name of William Reilly?

"*A.* Yes, sir.

"*Q.* How big a man was he?

"*A.* Oh, a fellow weighing about a hundred and ninety pounds.

"*Q.* As big as you?

"*A.* I should say he was, at that time.

"*Q.* Is this the Mr. Reilly whom you assaulted?

"*A.* I believe it is; yes, sir.

"*Q.* For which assault you were indicted?

"*A.* Yes, sir.

"*Q.* This is the man?

"*A.* Yes, sir."

And further, on cross-examination, testified:

"*Q.* I call your attention to Mr. Reilly's face—this scar on the side; is that the scar that you put there with your attack?

"*A.* I cannot swear that it is.

"*Q.* Do you swear it is not?

"*A.* I do not swear it is nor that it is not.

"*Q.* You did hit him?

"*A.* I struck him with my fist; yes, sir.

"*Q.* Did you use any club or anything?

"*A.* No, sir.

"*Q.* None at all?

"*A.* No club whatever.

"*Q.* You say that?

"*A.* I do say that.

"*Q.* You used no instrument except simply your fist?

"*A.* I used my bare fist, with a ring on it.

"*Q.* And on this man; you were a hotelkeeper there, the same as you were then?

"*A.* Yes, sir."

All the questions thus propounded, with the exception of those as to the conviction of the defendant and the identification of the person assaulted, were incompetent, and if objection had been taken should have been overruled. This case, however, is not brought up upon a bill of exceptions, but on a review of the entire record of the proceedings had upon the

trial. The Criminal Procedure act (*Pamph. L.* 1898, *p.* 915, § 136) declares: "If it appears from such record that the plaintiff in error on the trial below suffered manifest wrong or injury, either in the admission or rejection of testimony, whether objection was made thereto or not, * * * whether a bill of exceptions was either signed and sealed thereto or error assigned thereon or not, the appellate court shall remedy such wrong or injury and give judgment accordingly and order a new trial; *provided,* no judgment given upon any indictment shall be reversed for any imperfection, omission, defect in or lack of form, or for any error except such as shall or may have prejudiced the defendant in maintaining his defence upon the merits."

In order to warrant a reversal it is not sufficient to show a technical error in the admission of evidence, but that manifest wrong and injury resulted to the defendant from the admission, and that the defendant was or might have been prejudiced in maintaining his defence on the merits. We are not able to find such manifest wrong or injury in this case from the admission of this evidence. Upon redirect examination the defendant testified to the circumstances and particulars of the assault upon Reilly, that he (the defendant) was not allowed to go before the grand jury, and that he paid a fine of $10. Of this the defendant could not complain; it was testimony he himself offered. On recross-examination the defendant was asked: "Mr. Reilly says he is the one, and I asked you, and you said you did not know, and now you say he is the man you struck?" This was harmless. In rebuttal, Reilly was asked and denied that the circumstances under which he was assaulted were as described by the defendant on his redirect examination. The defendant could not complain of this, for he had invited the contradiction by testifying in his redirect examination to the particulars of the assault. The defendant did not suffer manifest wrong or injury in maintaining his defence upon the merits.

It is also assigned for error that the trial judge, in his charge, said: "The defendant says, 'I struck that blow, and

I struck it in defence of myself, my life or my body from great injury, and I was justified, therefore, in doing it.' " The defendant's account of the transaction is that he was attacked by one Prosser, and in defending himself against Prosser's attack he accidentally struck Tarbell. The judge, elsewhere in his charge, says that if the defendant was in such danger of his life or of receiving great bodily harm that it was necessary for him to strike as he did, he would be justified and should not be found guilty, thus showing that this was a striking in self-defence. The characterization by the judge of a blow which the defendant accidentally delivered upon Tarbell while defending himself against Prosser as a blow struck in self-defence, was legally correct.

Error is also assigned because the court, in his charge, said that when the defendant set up self-defence "he assumed the duty of proving what he says; in other words, the burden of proof is on him to show when he struck the blow he was justified in doing it. The burden is shifted from the state when he says, 'I struck that blow; I was justified in doing it.' He has to make his case. He must show he struck the blow justifiably to save himself from great bodily harm." I do not understand that this means that when this defence was set up the state was relieved of the burden which is upon it in every criminal case of proving the guilt of the defendant beyond a reasonable doubt. This was charged by the judge. In *Brown* v. *State,* 33 *Vroom* 666, it was held that on the trial of an indictment for murder, where the justification is self-defence, an instruction to the jury that the burden is on the accused of proving to the satisfaction of the jury a situation and circumstances under which the right of self-defence might be lawfully exercised, and that before his defence is complete those facts and circumstances must appear to bring the act done by the accused within the prescribed limits, was correct, the judge having instructed the jury that the benefit of the reasonable doubt always goes to the defendant and is always applied in his favor. See, also, *State* v. *Jones,* 42 *Id.* 543.

The judge was asked to charge the jury, in substance, that

if the defendant had reasonable ground to apprehend that he was in grave bodily danger of injury, and that his life was in danger, he had a right to use so much force as was necessary in order to protect himself. The judge did charge the jury that the defendant "has to make his case; he must show he struck the blow justifiably to save himself from great bodily harm." And, again: "I have charged if a man thinks he has reason to believe he is in great peril—immediate peril of life—hurt or great bodily injury, he has a right to defend himself even to the taking of the life of the man assaulting him. But my direction is that the burden of proof is on the defendant to satisfy you that he was in great peril at the time when he struck the blow."

The case of the defendant was that he struck the blow to defend himself from an actual attack made upon him, not because he mistakenly apprehended attack, or because he thought himself to be in danger when in fact he was not. The rule as to defendant's rights of self-defence, when an actual attack is made, is laid down in *State* v. *Jones, supra;* when there is a reasonable appearance of danger, in *State* v. *Bonofiglio,* 38 *Vroom* 240, 245. We find no error in the judge's charge in this respect.

These are all the alleged errors that were discussed upon the argument or contained in the specifications of errors as set out in the assignment of errors. Some of them seem, also, to be raised by the refusal of the judge to charge certain requests, and while we have considered all that appears in the case and find no error, we think that a specification of a cause of reversal, "because the court refused to charge the jury. as requested by the defendant," when several requests to charge have been presented, is too general to justify a reversal.

The judgment below is affirmed.