FRANCIS A. HIGGINS, PLAINTIFF BELOW, v. ELIZABETH EGG AND JOHN EGG, JR., PROSECUTORS.

Submitted July 3, 1913—Decided November 10, 1913.

1. Section 40 of the act relative to the Supreme and Circuit Courts gives the Circuit judge the power to request the judge of the Common Pleas to hold the Circuit Court pursuant to section 37 of the act.
2. A case brought in the Circuit Court was tried before the judge of the Common Pleas who had been requested to hold the Circuit Court; judgment upon the verdict was entered in the Common Pleas. *Held*, that this was erroneous, but the error does not lead to a new trial; the entry of a nugatory judgment does not deprive a party of the benefit of his verdict.

On *certiorari* to Bergen Pleas.

Before Justices SWAYZE, BERGEN and VOORHEES.

For the plaintiff below, *Frank H. Hastings, Jr.*

For the prosecutors, *Adolf L. Engelke.*

The opinion of the court was delivered by

SWAYZE, J.   The attempt in this case is to review a judgment of the Bergen Common Pleas by *certiorari*. This method under the old practice was proper only in cases where the Common Pleas sat upon appeal from the Court for the Trial of Small Causes. *Trimmer* v. *Bonnell,* 36 *Vroom* 66. In other cases the procedure was regulated by the act respecting writs of error. *Comp. Stat., p.* 2208, § 6.   If the attention of the justice who allowed this writ had been called to the fact that the case was not the usual one where it is sought to review the judgment of the Pleas, he would not have allowed the writ except as ancillary to the appeal and for the purpose of bringing up the outbranches of the record.   Disregarding this defect in procedure, as we ought under section 23 of the

supplement to the Practice act, and treating the case as an appeal under that act, we find error. Although the record returned is informal, it shows a suit in the Bergen Circuit Court and a judgment in the Bergen Common Pleas. This can only be sustained in case the cause was transferred from the Circuit to the Pleas, under section 48 of the act relative to the Supreme and Circuit Courts. The appellant assumes that there was such a transfer and assails the constitutionality of section 48. The argument is that the constitution requires the Circuit Court to be held by a judge appointed for that purpose, and if we assume, as we must under the rule of *Roofing Company* v. *Leather Company,* 38 *Id.* 566, that the judge of the Common Pleas is a judge appointed and commissioned for that purpose, we are confronted with the difficulty that it is the Circuit Court he is holding and not the Common Pleas. Section 48 contemplates a complete transfer of the cause from the Circuit to the Pleas. Upon such a transfer, it is suggested, the judge must sit as a judge of the Pleas and we have then the anomaly of a Circuit issue tried before a judge of another court. This question is novel and important but is not presented by the record. The Circuit judge made no order for transfer under section 48, but merely requested the judge of the Pleas to hold the Circuit for the trial of cases not disposed of in the Circuit Court. Obviously a request to hold the Circuit is very different from an order transferring the case to the Pleas. This request must derive such efficacy as it has from section 37 of the act. *Comp. Stat., p.* 1717, *pl.* 56. That it was this section under which the Circuit judge acted is shown by the fact that the request was entered in the Circuit minutes pursuant to section 38, which applies only to the request authorized by section 37. The question then is whether the Circuit judge had power to make the request. He has no such power by virtue of section 37 alone, for that empowers only the justice of the Supreme Court within whose district the Circuit Court shall be. But section 40 (*Comp. Stat., p.* 1718, *pl.* 59) gives the Circuit judge the same authority, power and jurisdiction by virtue of his office as is

vested in the justice of the Supreme Court by reason of his being judge of the Circuit Court. We think the power to request the judge of the Pleas to hold the Circuit is one of those powers. It is a power vested only in the justice of the Supreme Court within whose district the Circuit Court shall be, and it is a power with reference to the trial of issues in the Circuit Court. Such a power can only be vested in the justice of the Supreme Court by reason of his being judge of the Circuit Court which alone can deal with Circuit cases. The result is that this case was tried in the Bergen Circuit before a judge appointed and commissioned for that purpose. *Roofing Company* v. *Leather Company, supra.* It was erroneous, therefore, to enter the judgment in the Common Pleas. This error does not lead to a new trial. It is an error after verdict. The entry of a nugatory judgment does not deprive plaintiff of the benefit of the verdict; and upon proper application to the Circuit Court a rule for judgment upon the verdict will no doubt be entered. There was no trial error in the method of assessing the damages. After the writ of inquiry, the judgment was opened and the defendants permitted to answer and defend upon terms which necessitated a formal trial, in which the defendants participated, and upon that trial the damages were assessed by the jury in the usual way.

The present judgment, however, of the Common Pleas must be reversed and the record remitted to that court. Upon the entry of judgment on the verdict in the Circuit Court, the appellants may take such course with reference thereto as they may be advised.